| | |
|---|---|
| DESHAWN GERVIN, <br><br> Plaintiff, <br><br> v. <br><br> PAMELA FLORENCE, <br>HOKE HAMPTON, and <br>TANDRIA MILTON, in their individual capacities, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1.     Defendant Department of Community Supervision officers Pamela Florence, Hoke Hampton, and Tandria Milton each provided intentionally or recklessly false information that resulted in Plaintiff DeShawn Gervin being arrested and jailed without justification.

2.     Defendants each falsely represented that Plaintiff violated the terms of his probation by failing to report and otherwise absconding. In fact, Plaintiff had no obligation to report to probation, and the only term of his probation was that he stay out of the South Georgia Judicial Circuit. These facts are apparent from the face of Plaintiff's criminal sentence.

3.      Had Defendants looked at Plaintiff's sentence prior to swearing that he had violated the conditions imposed thereby, Plaintiff would not have been unlawfully jailed for 104 days.

4.      Defendants' conduct violated the Fourth, Eighth, and Fourteenth Amendments, and Plaintiff brings this suit, pursuant to 42 U.S.C. § 1983 and the United States Constitution, seeking compensation for wrongs suffered and to deter future misconduct.

## JURISDICTION AND VENUE

5.      This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343.

6.       Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division.

## PARTIES

7.      Plaintiff DeShawn Gervin is a United States citizen and resident of North Carolina.

8. Defendant Community Supervision Officer Pamela Florence ("CSO Florence") is sued in her individual capacity. At all times relevant to the complaint, CSO Florence acted under the color of law.

9. Defendant Community Supervision Officer Hoke Hampton ("CSO Hampton") is sued in her individual capacity. At all times relevant to the complaint, CSO Hampton acted under the color of law.

10. Defendant Community Supervision Officer Tandria Milton ("CSO Milton") is sued in her individual capacity. At all times relevant to the complaint, CSO Milton acted under the color of the law.

**FACTUAL ALLEGATIONS**

11. On January 4, 2012, Plaintiff pleaded guilty to attempted burglary and was sentenced to ten years, with one year to be served in jail and nine years to be served on probation.

12. The only term of Plaintiff's probation was that he was ordered to stay out of the South Georgia Judicial Circuit for the duration of his probation.

13. Plaintiff was not sentenced to any general, other, or special conditions of probation, except regarding his banishment.

14. On Plaintiff's criminal sentence, there are boxes for the requirement to report to probation and to inform a probation officer about residence and location information.

15. On Plaintiff's criminal sentence, these boxes are conspicuously not checked.

16. Banishment-only probation was a relatively common sentence, of which any reasonable probation officer would have been aware.

17. After serving the time in custody for his sentence, Plaintiff was driven to a Greyhound bus station and boarded onto a bus to leave the South Georgia Judicial Circuit.

18. Plaintiff was never given any instructions to report to any probation office in any state.

19. Plaintiff's sentence does not provide for any obligation to report to probation or to otherwise submit to any supervision.

20. On May 29, 2012, CSO Florence swore out a warrant affidavit for Plaintiff's arrest premised on knowingly or recklessly false inculpatory facts.

21. CSO Florence falsely swore that Plaintiff failed to report to probation and that Plaintiff absconded from probation by changing his address without informing his probation officer.

22. CSO Florence also falsely swore that Plaintiff was under the obligation to report to probation and keep probation informed of his address.

23. CSO Florence knowingly or recklessly failed to include exculpatory facts undermining probable cause, including that the only term of Plaintiff's probation was that he remain outside of Mitchell County, Georgia and that reporting to probation would cause him to be in violation of his probation.

24. On the basis of CSO Florence's knowing and reckless affirmative falsehoods and material omissions, a judge issued a warrant for Plaintiff's arrest.

25. On October 28, 2014, CSO Hampton swore out an affidavit in furtherance of the warrant that CSO Florence obtained.

26. CSO Hampton's affidavit was premised on the same knowingly or recklessly false inculpatory facts and omitted exculpatory facts.

27. CSO Hampton falsely swore that Plaintiff had violated the terms of his probation when he had been in full compliance with his probation.

28. On the basis of CSO Hampton's knowing and reckless affirmative falsehoods and material omissions, a judge extended Plaintiff's term of probation without justification.

29. On April 26, 2019, Plaintiff was arrested for the sole reason of Defendants' false warrant.

30. Plaintiff was a passenger in a vehicle that was pulled over for a minor traffic violation in North Carolina.

31. Plaintiff provided his identification in response to an officer's request and then was arrested because of Defendants' warrant.

32. On July 16, 2019, CSO Milton authored, issued, signed, and filed a Petition for Modification/Revocation of Probation ("Petition for Revocation"), which included knowingly or recklessly false allegations that Plaintiff had violated probation by failing to report to the Camilla Probation Office and that he moved without permission and could not be located.

33. CSO Milton's Petition for Revocation perpetuated Plaintiff's wrongful arrest and incarceration.

34. Defendants' false statements to the Mitchell County officials caused Plaintiff to be unlawfully jailed for 104 days on charges of a probation violation that he did not commit.

35. Plaintiff was not released from custody until August 7, 2019 after it was determined that he had not violated the terms of his probation.

36. As a result of Defendants' actions, Plaintiff suffered a loss of liberty, humiliation, emotional distress, and physical pain and suffering.

37.     Defendants' actions were made with malice, conscious indifference, and reckless disregard for the consequences of their actions and for Plaintiff's constitutional rights such that an award of punitive damages is authorized.

38.     Defendants are responsible for the false statements they each made that directly and proximately caused Plaintiff to be arrested and jailed despite his compliance with his Court ordered terms of probation.

### COUNT I
*Illegal Seizure*
*under 42 U.S.C. § 1983 and the Fourth, Eighth, and/or Fourteenth Amendments*

39.     Plaintiff was arrested pursuant to two affidavits sworn out by CSO Florence and Hampton, despite evidence that demonstrated Plaintiff's innocence and compliance with the terms of his probation.

40.     Plaintiff was later incarcerated on that warrant, and his illegal detention was perpetuated by CSO Milton's Petition for Revocation, despite the same evidence of innocence and compliance with probation.

41.     Defendants provided intentionally or recklessly false information in support of Plaintiff's detention.

42.     Defendants failed to provide material exculpatory information known to them which showed Plaintiff was compliant with his probation supervision.

43. Excluding the intentionally or recklessly false information provided Defendants, there was nothing approaching probable cause for Plaintiff's arrest.

44. Including Defendants' material omissions, there was nothing approaching probable cause for Plaintiff's arrest.

45. Defendants failed to conduct a reasonable investigation prior to causing Plaintiff's detention, by, among other deficiencies, failing to read the terms of the probation order, as they were required to do.

46. Each of these failures was a violation of written policy as well as a violation of reasonable official conduct and common sense.

47. Defendants all knew that their false and reckless statements would result in Plaintiff's arrest and incarceration.

48. Defendants acted with deliberate indifference to Plaintiff's rights by ignoring the knowledge that he was not required to report in person in Camilla, that he was actually banished from the South Georgia Judicial Circuit, and that he had not absconded but had been escorted, given a bus ticket, and provided no further instructions.

49. Defendants' actions in causing Plaintiff to be arrested and incarcerated for a probation violation when he had complied with his probation obligations furthered no government interest and shock the conscience.

50. Defendants' actions amount to the denial of due process because, as shown herein, Plaintiff was not afforded adequate process by state officials pre- or post-deprivation, and because Defendants' actions shocked the conscience and furthered no governmental interest.

51. Defendants' actions were the proximate cause of Plaintiff's arrest and detention.

52. Prior to his arrest, Plaintiff had not committed any offense or violated any term of his probation that would authorize his arrest.

53. Defendants did not know any information that could support a reasonable belief that probable cause existed to arrest Plaintiff for any offense.

54. Defendants knowingly and willfully acted in the complete absence of probable cause and with malice in causing Plaintiff to be arrested and prosecuted for a probation violation.

55. Plaintiff's seizure and prosecution terminated in a manner not inconsistent with his innocence when a judge in Mitchell County, Georgia found that he had not violated his probation.

56. Plaintiff suffered damages as a result, including emotional losses and the loss of liberty.

57. Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that causing a citizen to be arrested under these circumstances, and unlawfully extending the term of his probation without cause, violated the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## COUNT II
### *Punitive Damages under 42 U.S.C. § 1983*

58. Defendants Florence, Hampton and Milton all acted with conscious indifference or reckless disregard for the consequences of their actions, such that an award of punitive damages is authorized under federal law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

a) Hold a trial by jury on all issues so triable;

b) Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c) Award Plaintiff attorneys' fees under 42 U.S.C. § 1988;

d) Tax all costs of this action against Defendants; and

e) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 23rd day of April, 2021.

*/s/Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Samantha Funt
Georgia Bar No. 943783

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com
sam@mitchellshapiro.com