UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DESHAWN GERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:21-CV-67-LAG |
| | ) | |
| PAMELA FLORENCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Defendants Pamela Florence, Hoke Hampton, and Tandria Milton submit this statement of material facts as to which there is no issue to be tried,[1] showing the Court that the uncontroverted evidence, Plaintiff's version of the facts,[2] and the controverted evidence viewed in the light most favorable to Plaintiff is as follows:

1. In 2011, Plaintiff DaShawn Gervin was charged with criminal intent to commit burglary. (Pl. dep. at 9).

---

[1] Defendants do not necessarily concede that all of these facts accurately describe what occurred, but they submit that these are the operative facts for purposes of summary judgment. "[T]he 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case …." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).

[2] *See Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (*en banc*) ("when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's *version*. Our duty to read the record in the nonmovant's favor stops short of not crediting the nonmovant's testimony in whole or part: the courts owe a nonmovant no duty to disbelieve his sworn testimony which he chooses to submit for use in the case to be decided") (emphasis in original).

2. In January 2012, Plaintiff pled guilty to the charged crime. (Pl. dep. at 9-10; Plea transcript at 10; Final Disposition form).

3. Plaintiff was sentenced to one year in jail and nine years on probation. (Pl. dep. at 10; Plea transcript at 17; Final Disposition form).

4. The only condition placed on Plaintiff's probation was that he not return to the South Georgia Judicial Circuit.[3] (Pl. dep. at 10; Plea transcript at 17; Final Disposition form).

5. Plaintiff was released from jail in January 2012. (Pl. dep. at 10).

6. Upon his release from jail, Plaintiff was driven to the Albany bus station where he got on a bus to Missouri. (Pl. dep. at 11-12).

7. Defendant Pamela Florence is a community supervision officer for the Georgia Department of Community Supervision (DCS). (Florence dep. at 11 and Exh. 1).

8. In 2012, Florence was a probation officer with DCS's predecessor unit within the Georgia Department of Corrections.[4] (Florence dep. at 11 and Exh. 1).

9. In May 2012, after Plaintiff did not report to the supervisory agency for intake after his release, Florence requested and obtained a warrant for Plaintiff's

---

[3] The South Georgia Judicial Circuit covers Mitchell, Calhoun, Baker, Grady, and Decatur Counties. (Plea transcript at 17; Florence dep. at 46).
[4] DCS came into being on July 1, 2015, combining similar supervisory functions previously assigned to the Georgia Department of Corrections and the Georgia Board of Pardons and Paroles. O.C.G.A. § 42-3-3.

arrest for a parole violation for absconding from supervision. (Florence dep. at 33-34 and Exh. 5).

10. In May 2014, Defendant Hoke Hampton joined the supervisory agency, working under Florence's direction. (Hampton dep. at 10, 21-22).

11. Under Georgia law, the running of a sentence of probation is tolled when a probationer fails to report to his probation supervisor. O.C.G.A. § 42-8-36(a).

12. At Florence's instruction, Hampton filed an affidavit requesting that Plaintiff's sentence be tolled. (Hampton dep. at 7, 21-22 and Exh. 13).

13. On April 26, 2019, Plaintiff was arrested in North Carolina on the Georgia probation-violation warrant. (Pl. dep. at 16).

14. Plaintiff remained in jail in North Carolina until he was extradited to Georgia. (Pl. dep. at 16).

15. After extradition, Plaintiff was housed in the Mitchell County jail until the hearing on his probation violation. (Pl. dep. at 17).

16. Defendant Tandria Milton is a former DCS community supervision officer.[5] (Milton dep. at 9-10).

17. In July 2019, after Plaintiff was returned to Mitchell County, Milton prepared and submitted a petition for the modification/revocation of probation, requesting that Plaintiff's probation be revoked because he had violated the terms and conditions of his release. (Milton dep. at 22 and Exh. 14).

---

[5] Milton now performs a similar job in Florida. (Milton dep. at 8).

18. Florence reviewed the petition before it was submitted. (Milton dep. at 24).

19. On August 7, 2019,[6] the Superior Court held a hearing on the alleged probation violation. (Pl. dep. at 17; Revocation transcript).

20. The Superior Court concluded that the probation violation had not been proven, reinstated Plaintiff's probation, and told Plaintiff that he was free to go. (Pl. dep. at 18).

21. Plaintiff was released from jail on the same day. (Pl. dep. at 18).

22. Plaintiff's probation ended in January 2021, nine years after he got out of jail. (Pl. dep. at 21; Revocation transcript at 8).

---

[6] Although the transcript is dated February 2, 2021, the parties agree that this is a typographical error and that the hearing occurred in August 2019. (*Compare* Revocation transcript at 1 *with* Florence dep. at 50-52 *and* Pl. dep. at 17).

Respectfully submitted this 16th day of May, 2022.

    CHRISTOPHER M. CARR 551540
    Attorney General

    KATHLEEN M. PACIOUS 558555
    Deputy Attorney General

    SUSAN E. TEASTER 701415
    Senior Assistant Attorney General

    */s/ Laura L. Lones*
    LAURA L. LONES 456778
    Senior Assistant Attorney General

    Attorneys for Defendants

Please Serve:
LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (470) 355-2765
Facsimile:  (404) 651-5304
E-mail: llones@law.ga.gov

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 16th day of May, 2022.

/s/ *Laura L. Lones*
Senior Assistant Attorney General

-6-