IN THE SUPERIOR COURT OF MITCHELL COUNTY
STATE OF GEORGIA

STATE OF GEORGIA,

vs.

DESHAWN GERVIN,

    Defendant.
_____/

CASE NUMBER: 11-R-152

FILED IN OFFICE
CLERK OF SUPERIOR COURT
MITCHELL COUNTY, GEORGIA
3/16/2021
ADAYNA B. BROOME

GUILTY PLEA
BEFORE THE HONORABLE A. WALLACE CATO, CHIEF JUDGE
ON TUESDAY, JANUARY 4, 2012
AT THE DECATUR COUNTY JAIL
(VIA VIDEOCONFERENCE)

APPEARANCES

FOR THE STATE:

    MICHAEL T. GARRETT, ASSISTANT DISTRICT ATTORNEY
    Post Office Box 1870
    Bainbridge, Georgia  39818-1870

FOR THE DEFENDANT:

    ERNIE M. SHEFFIELD, PUBLIC DEFENDER
    Post Office Box 1045
    Bainbridge, Georgia  39818-1045

REPORTED BY:

    PATRICIA MURPHY BREWER, CCR
    Certificate Number B-832

PATRICIA MURPHY BREWER, CCR
POST OFFICE BOX 15171
TALLAHASSEE, FLORIDA  32317-5171

```
 1                          INDEX

 2   ITEM:                                          PAGE:

 3   PROCEEDINGS COMMENCED                            3

 4   CERTIFICATE OF REPORTER                         20

 5

 6   WITNESS:

 7   DESHAWN GERVIN
         Direct Examination By Mr. Sheffield         3
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      PROCEEDINGS
 2          MR. GARRETT:  Your Honor, this is Mitchell County
 3     Superior Court Case Number 11-R-152, the State of Georgia
 4     versus Deshawn Gervin.  He's charged in an indictment with
 5     criminal attempt to commit burglary.  Mr. Gervin is
 6     present in Court and represented by his attorney,
 7     Mr. Ernie Sheffield.  Mr. Gervin is here to do a
 8     negotiated plea of guilty to the one count in the
 9     indictment.
10          Mr. Gervin, would you please raise your right hand
11     and be sworn in?
12  THEREUPON,
13                      DESHAWN GERVIN
14  was called as a witness, and having been previously duly sworn,
15  was examined and testified as follows:
16          MR. GARRETT:  You can put your hand down, sir.
17                    DIRECT EXAMINATION
18  BY MR. SHEFFIELD:
19     Q    Mr. Gervin, you understand that in this indictment
20  11-R-152, you were charged with offense of criminal attempt to
21  commit burglary?
22     A    Yes, sir.
23     Q    And you and I have had an opportunity to meet and
24  discuss this case?
25     A    Yes, sir.
```

1  Q  And did you indicate to me after negotiations with
2  the district attorney's office that you wished to enter a plea
3  of guilty to this offense?
4  A  Yes.
5  Q  You may enter that plea by signing the back of
6  indictment on the line by the check.
7  A  (Complies.)
8  Q  Mr. Gervin, I also show you a list of questions. Did
9  I go all of these questions with you and explain them to you?
10  A  Yes, sir.
11  Q  And did you understand them all?
12  A  Yes, sir.
13  Q  Did you provide me with truthful answers to the
14  questions?
15  A  Yes, sir.
16  Q  And did I write your answers down like you gave them
17  to me?
18  A  Yes, sir.
19  Q  Are you entering your plea freely and voluntarily?
20  A  Yes.
21  Q  I need you to sign the back of the plea transcript on
22  that (indicating) line indicating that you did understand the
23  questions and gave truthful answers to them.
24  A  (Complies.)
25  MR. SHEFFIELD: The plea has been entered, Your

```
1    Honor.
2         THE COURT:  Are you able to hear and understand my
3    statements and questions?
4         THE DEFENDANT:  Yes, sir.
5         THE COURT:  Can you read and write?
6         THE DEFENDANT:  Yes, sir.
7         THE COURT:  What is the highest grade that you
8    completed in school?
9         THE DEFENDANT:  I obtained an online diploma.
10        THE COURT:  How many years did you do in school?
11        THE DEFENDANT:  Ninth.
12        THE COURT:  And then you got your GED?
13        THE DEFENDANT:  It's a high school diploma, online.
14        MR. SHEFFIELD:  What was -- I asked him the same
15   question, Judge.
16        What was the site, the online web site?
17        THE DEFENDANT:  Southeastern High School.
18        MR. SHEFFIELD:  And it's a high school diploma, not a
19   GED?
20        THE DEFENDANT:  High school diploma.
21        THE COURT:  It's accredited?
22        THE DEFENDANT:  Yes, sir.
23        THE COURT:  Say the name of it again.  I'm going to
24   check it out.
25        THE DEFENDANT:  Southeastern High School.
```

```
1        THE COURT:  How long did it take you to get it?
2        THE DEFENDANT:  I would say two, three weeks.
3        THE COURT:  Wow, that's a quickie.  Ten, 11, 12,
4   three years in three weeks?  Goodness.  How much did you
5   it cost you?
6        THE DEFENDANT:  $350.
7        THE COURT:  Wow, 350.  What's the web site; do you
8   know?
9        THE COURT:  Southeasternhighschool.com.
10       THE COURT:  Are you now under the influence of any
11  alcohol, drugs, narcotics, or other pills?
12       THE DEFENDANT:  No, sir.
13       THE COURT:  Are you now under the care of a
14  psychiatrist?
15       THE DEFENDANT:  No.
16       THE COURT:  Do you understand that you're charged
17  with the offense of criminal attempt to commit the offense
18  of burglary?
19       THE DEFENDANT:  Yes.
20       THE COURT:  Do you want me to read the indictment to
21  you?
22       THE DEFENDANT:  No.
23       THE COURT:  Have you and your lawyer already gone
24  over it?
25       THE DEFENDANT:  Yes.
```

```
 1        THE COURT:  Do you have any questions about the
 2   nature of the charge or what it means?
 3        THE DEFENDANT:  No.
 4        THE COURT:  Do you understand that upon your plea of
 5   guilty you could be imprisoned for as much as ten years,
 6   the minimum sentence is one year, and a fine not to exceed
 7   $50,000?
 8        THE DEFENDANT:  Yes.
 9        THE COURT:  Has the district attorney, your lawyer,
10   any policeman, law enforcement officer, or anyone else
11   made any promises to you to influence you to plead guilty
12   in this case?
13        THE DEFENDANT:  No.
14        THE COURT:  Has anyone threatened you in any way to
15   get you to enter this plea?
16        THE DEFENDANT:  No.
17        MR. GARRETT:  Your Honor, this is a negotiated plea
18   in which Mr. Gervin is pleading guilty to criminal attempt
19   to commit burglary.  The State is recommending ten years'
20   probation and that the Defendant shall be ordered to stay
21   out of the South Georgia Circuit during the period of
22   probation.
23        And that was approved by the victim in this case,
24   Laura Vann.  She felt that he needed probation, that
25   probation would be appropriate to get some help for him.
```

```
1    THE COURT: Get some help for him, to do what?
2    MR. GARRETT: Well, she recommended that he get help.
3    THE COURT: To do what?
4    MR. GARRETT: As far as?
5    THE COURT: To learn how to kick in doors and stuff
6  like that?
7    MR. SHEFFIELD: Judge, this is the case in which
8  Mr. Gervin's parents divorced when he was young and as a
9  result of that, he wound up in a foster home. At age 16,
10 he left the foster home and attempted to locate his mother
11 and father.
12   He located his father, who at that particular time,
13 didn't have a place for him to stay. I think his father
14 was in New Orleans.
15   THE DEFENDANT: St. Louis.
16   MR. SHEFFIELD: St. Louis. He came here where he had
17 a grandmother. His grandmother was married and the
18 gentleman his grandmother was married to did not want --
19   THE COURT: Well, we'll get into that.
20   MR. SHEFFIELD: Okay.
21   THE COURT: Is that the way you understand the
22 recommendation?
23   THE DEFENDANT: Yes, sir.
24   THE COURT: Mr. Sheffield?
25   MR. SHEFFIELD: Yes, sir.
```

1    THE COURT: Do you understand that any recommendation
2  made is not binding on this Court, including any
3  recommendations made as a result of discussions between
4  you, your attorney, the district attorney, or any
5  combination thereof, and it's left solely up to Court, to
6  determine the sentence if you plead guilty?
7    THE DEFENDANT: Yes.
8    THE COURT: Has the district attorney, your lawyer,
9  any policeman, law enforcement officer, or anyone else
10 made any threats upon you to influence you to plead guilty
11 in this case or is anyone forcing you or compelling you to
12 plead guilty?
13   THE DEFENDANT: No.
14   THE COURT: Have you had enough time to confer with
15 and have you in fact conferred with your lawyer about the
16 facts of this case?
17   THE DEFENDANT: Yes.
18   THE COURT: Have you had time to subpoena witnesses
19 if you wanted them?
20   THE DEFENDANT: Yes.
21   THE COURT: Do you understand that you don't have to
22 plead guilty, that you have a right to plead not guilty?
23   THE DEFENDANT: Yes.
24   THE COURT: Do you understand that if you plead not
25 guilty, you'd have a right to a trial by jury; and that

```
 1    you'd have a right to be represented by counsel at the
 2    trial; if you couldn't afford to hire counsel, that the
 3    State would appoint counsel for you; that you'd have a
 4    right to remain silent at the trial and not incriminate
 5    yourself in any way; that you'd have a right to confront
 6    your accusers and cross-examine them at the trial if you
 7    see fit; and that you'd have a right to require the State
 8    of Georgia to prove your guilt of this offense beyond a
 9    reasonable doubt; and that the entry of a plea would waive
10    these rights and also waive all defenses, both known and
11    unknown to you or to your attorney; do you understand
12    that?
13         THE DEFENDANT:  Yes.
14         THE COURT:  Are you satisfied with the counseling
15    services of your attorney as rendered in your behalf?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Do you authorize and instruct your lawyer
18    to enter a plea on your behalf here today?
19         THE DEFENDANT:  Yes, sir.
20         THE COURT:  To the offense of criminal attempt to
21    commit burglary, how do you plead?
22         THE DEFENDANT:  Guilty.
23         THE COURT:  Is this your own decision?
24         THE DEFENDANT:  Yes, sir.
25         THE COURT:  Are you in fact guilty of the charge?
```

THE DEFENDANT: Yes.

THE COURT: Is there anything else about these proceedings now that you don't understand or that you wish to have explained to you further?

THE DEFENDANT: No.

THE COURT: Mr. Sheffield, have you fully advised the Defendant of his rights and the consequences of the entry of a plea of guilty to the offense of criminal attempt to commit burglary?

MR. SHEFFIELD: Yes, sir.

THE COURT: Are you satisfied that he understands them?

MR. SHEFFIELD: Yes, sir.

THE COURT: Do you know of any reason why the Court should not accept the plea?

MR. SHEFFIELD: No, sir.

THE COURT: The Court finds that the plea was freely, voluntarily, knowingly, and understandingly made and entered, that it was made and entered without any undue influence, compulsion, or duress, without the promise of leniency, and the Court accepts the plea.

MR. GARRETT: Your Honor, had this matter gone trial, the State would expect the evidence to show on August 29th, 2011, that Deshawn Gervin went to 85 Broad Street, the business belonging to Laura Vann, and kicked

```
 1      in the door, an act constituting a substantial step toward
 2      the commission of burglary.  That all happened here in
 3      Camilla, Mitchell County.
 4          THE COURT:  He just kicked the door?
 5          MR. GARRETT:  He kicked the door.  They went through
 6      the door and checked and they didn't see anything missing
 7      out of it.
 8          MR. SHEFFIELD:  I think it was to the living room.
 9          THE COURT:  Did he kick the door open?
10          MR. GARRETT:  The door was kicked open.  The door was
11      open when they got there, Your Honor.
12          THE COURT:  Okay.
13          MR. GARRETT:  They did say they checked and saw no
14      signs of anything missing.  The owner of the store knew
15      Mr. Gervin and believed him to be homeless and said she
16      had given him food in the past and she thinks he went in
17      looking for food because he was homeless.
18          THE COURT:  So he bit the hand that fed him then?
19          MR. GARRETT:  That's what I figured, Your Honor, yes.
20          THE COURT:  That's how he repays acts of kindness.
21      Is that how you repay acts of kindness?
22          THE DEFENDANT:  No, Your Honor.
23          THE COURT:  Well, it's how did you this time; isn't
24      it?
25          THE DEFENDANT:  Yes, sir.
```

```
 1              THE COURT:  Any questions?
 2              MR. SHEFFIELD:  No questions.
 3              THE COURT:  Anything further?
 4              MR. GARRETT:  Nothing from the State.
 5              THE COURT:  Anything further from the Defendant?
 6              MR. SHEFFIELD:  Your Honor, picking up where I left
 7   off awhile ago, when he came here to live with his
 8   grandmother --
 9              THE COURT:  Who was that?
10              MR. SHEFFIELD:  What was your grandmother's name?
11              THE DEFENDANT:  Lois Hill.
12              MR. SHEFFIELD:  The gentleman that --
13              THE COURT:  When was it that you first came here to
14   live with her?
15              THE DEFENDANT:  The 1st of August.
16              MR. SHEFFIELD:  This past year, 2010?
17              THE DEFENDANT:  '11.
18              MR. SHEFFIELD:  He never -- sorry.  But the gentleman
19   who lived there with her did not want Deshawn living
20   there.  It was an extra mouth or burden, he felt like, on
21   him.  So he was asked to leave there.  That left him
22   homeless here in Camilla.
23              He couldn't find work because he couldn't put a place
24   of residence on any of his applications.  He told me he
25   just was sleeping wherever he could find to sleep, that he
```

13

```
 1    slept mostly in the daytime because he was afraid to lay
 2    down in different places to sleep at night, and he got to
 3    eat by just asking for food, begging for food wherever he
 4    could get it.
 5        The lady at this store had helped him, I think, with
 6    some food in the past. On this particular night, he
 7    advised Investigator Nobles, who was the law enforcement
 8    officer that worked the case, that he just had not had
 9    anything to eat in a couple days and kicked open the door
10    and was going to see about going in. Then I think the
11    alarm went off and he did not go on in.
12        He was picked up shortly thereafter and has been in
13    jail since then.
14        He advises me that his sister contacted him since
15    he's been here, and that his daddy has now made some
16    living arrangements to where he can live with him in St.
17    Louis and advised him if he is where he can come, to let
18    him know and he's going to wire him some money down here
19    for bus fare to St. Louis where he can get back up there
20    and live with his dad.
21        THE COURT: How old are you, sir?
22        THE DEFENDANT: Eighteen.
23        MR. SHEFFIELD: And have you ever had any other prior
24    felony charges against you?
25        THE DEFENDANT: No.
```

```
1        MR. SHEFFIELD:  Misdemeanors?
2        THE DEFENDANT:  No.
3        MR. SHEFFIELD:  What about as a juvenile?  Did you
4   have any charges as a juvenile?
5        THE DEFENDANT:  No.
6        MR. SHEFFIELD:  Judge --
7        THE COURT:  You never had any charges filed against
8   you?
9        THE DEFENDANT:  (Shakes head.)
10       THE COURT:  Communicating threats sound familiar,
11  April 26th, 2010, Wake County, Raleigh, North Carolina.
12       THE DEFENDANT:  I was told that that was taken off my
13  record.
14       THE COURT:  That wasn't a charge?  You were not
15  charged with that?
16       THE DEFENDANT:  Yes, sir.
17       THE COURT:  That was the question and you said, no.
18  That ends up being a lie; isn't it?
19       THE DEFENDANT:  Yes.
20       THE COURT:  You knew that; didn't you?
21       THE DEFENDANT:  Yes, sir.
22       THE COURT:  So that makes you a liar and now a
23  criminal for committing the offense of criminal attempt to
24  commit burglary on the hand that fed you.  What does that
25  tell me about you?
```

```
1          THE DEFENDANT:  (No response.)
2          THE COURT:  What does that tell you about you?
3          THE DEFENDANT:  I don't know.
4          THE COURT:  You don't know?  Just that simple, I
5    don't know.  I don't care either; do I?
6          THE DEFENDANT:  I do.
7          THE COURT:  You sound like it.  You sound like you
8    care.  So you were here 28 days before you kicked in this
9    door?
10         THE DEFENDANT:  Yes, sir.
11         THE COURT:  What was your purpose in kicking in the
12   door, paying her back for her kindness?
13         THE DEFENDANT:  No, sir.
14         THE COURT:  What was it?
15         THE COURT:  Trying to find food and a safe place to
16   sleep.
17         THE COURT:  Trying to fine food in the business?
18         THE DEFENDANT:  (No response.)
19         THE COURT:  Sir, speak words.
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Well, did you sleep there?
22         THE DEFENDANT:  No, sir.
23         THE COURT:  Did you intend to sleep there?
24         THE DEFENDANT:  Yes, sir.
25         THE COURT:  Well, why didn't you?
```

```
1        THE DEFENDANT:  I got scared because of the alarm.
2        THE COURT:  I have some difficulty believing that you
3   hadn't had anything to eat in two days.  You sticking to
4   that story?
5        THE DEFENDANT:  Yes, sir.
6        THE COURT:  Anything further?
7        MR. GARRETT:  Nothing from the State, Your Honor.
8        MR. SHEFFIELD:  No, sir.
9        THE COURT:  All right.  I'm going to give you ten
10  years.  I'll let you serve that on probation on the
11  condition that you serve 12 months in the Mitchell County
12  Jail, and that you after release from incarceration, that
13  you not come back within the South Georgia Judicial
14  Circuit during the term of the probation, and that
15  includes the counties of Decatur, Grady, Mitchell, Baker
16  and Calhoun.
17       And further I advise you that pursuant to O.C.G.A.
18  9-14-42 that the period of limitation for the filing of
19  habeas corpus actions in felony convictions such as this
20  is four years.
21       If you're unhappy or dissatisfied with that sentence,
22  I'll let you withdraw your plea and you can have a jury
23  trial next week.
24       MR. SHEFFIELD:  Can I speak to him outside?
25       (Counsel and Defendant out.)
```

1  MR. SHEFFIELD: Mr. Gervin, we've had an opportunity
2  to step outside and discuss the sentence that the Court
3  has imposed; is that correct?
4  THE DEFENDANT: Yes, sir.
5  MR. SHEFFIELD: And you understand that the sentence
6  imposed is different from what the recommendation was?
7  THE DEFENDANT: Yes.
8  THE COURT: Do you understand that difference?
9  THE DEFENDANT: Yes.
10 THE COURT: And understanding that, do you wish to
11 withdraw your plea or do you wish to accept the sentence
12 imposed by the Court?
13 THE DEFENDANT: Accept the sentence.
14 THE COURT: Okay.
15 MR. SHEFFIELD: Judge, I would ask that when he is
16 released, could the judge allow him 30 days to get out of
17 the circuit?
18 THE COURT: He can be making his arrangements while
19 he is finishing his time.
20 MR. SHEFFIELD: You understand what the Court is
21 saying?
22 THE DEFENDANT: Yes.
23 MR. SHEFFIELD: When the door opens, you've got to
24 leave.
25 THE COURT: When the door opens, you have got to be

```
 1    gone.  I imagine the sheriff might take you to a county
 2    line.  That's probably what is going to happen.  It might
 3    be something like Dougherty or something like that.
 4           (THEREUPON, the hearing was concluded at 3:48 p.m.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

STATE OF FLORIDA:
COUNTY OF LEON  :

        I, PATRICIA MURPHY BREWER, Court Reporter, certify that the foregoing is a true and correct transcript of the proceedings taken down by me in the case aforesaid. The exhibits attached hereto, if any, are copies of documentary evidence only and the physical evidence remains in the custody of the Clerk. This certification is expressly withdrawn and denied upon the disassembly or photocopying of the foregoing transcript or any part thereof, including exhibits, unless said disassembly or photocopying is done by the official undersigned court reporter and original seal and signature attached hereto.

        Dated this 16th day of March, 2021.

*Patricia M. Brewer*
PATRICIA M. BREWER, CCR
Certificate Number B-832

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GEORGIA, MITCHELL COUNTY

        I, ADAYNA BROOME, CLERK OF MITCHELL COUNTY SUPERIOR COURT, do hereby certify that the within and foregoing TRANSCRIPT is the original copy filed in this office.

        Given under my hand and official seal this _16_ day of _March_, 20_21_.

*Adayna Broome*
ADAYNA BROOME, CLERK
MITCHELL COUNTY SUPERIOR COURT

20